IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 15-cv-2051-LTB

**SHAWN MCCAFFREY;** Inmate No. 140227,

Plaintiff,

v.

**COLORADO DEPARTMENT OF CORRECTIONS**;
**WARDEN DOE 1 (at HIGH PLAINS CORRECTIONAL FACILITY)**;
**WARDEN DOE 2 (at Defendants DENVER WOMEN'S CORRECTIONAL FACILITY)**;
**UNNAMED GUARDS**;
**MEDICAL (INCLUDING COUNSELORS) STAFF, TREATING PHYSICIANS**; and
**SAINT THOMAS MOORE HOSPITAL**,

Defendants.

## ORDER OF DISMISSAL

Plaintiff, Shawn Mc Caffrey, is a state prisoner currently confined at the La Vista Correctional Facility in Pueblo, Colorado. Ms. Caffrey has filed *pro se* a Prisoner Complaint (ECF No. 1) pursuant to 42 U.S.C. § 1983 claiming she was denied her right to receive adequate medical care at a Colorado Penitentiary in 2008 and 2009.

### A. Mandatory Screening and Standards of Review

In 1996, as part of the Prison Litigation Reform Act (PLRA), Congress significantly amended Title 28 of the United States Code, section 1915, which establishes the criteria for allowing an action to proceed *in forma pauperis* (IFP), *i.e.*, without prepayment of costs. Section 1915(e) (as amended) requires the federal courts to review complaints filed by persons that are proceeding *in forma pauperis* and to dismiss, at any time, any action that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune

from such relief. 28 U.S.C. § 1915(e)(2)(B). *See Creamer v. Kelly*, 599 F. App'x 336 (10th Cir. 2015) ("Under §§ 1915(e)(2)(B)(i) and (ii), a court must screen a complaint filed IFP and dismiss the case at any time if the court determines that the action or appeal is frivolous or malicious or fails to state a claim on which relief may be granted.") (internal quotation and citation omitted).

In addition, 28 U.S.C. § 1915A, entitled "Screening," requires the court to review complaints filed by prisoners seeking redress from a governmental entity or an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). If the complaint is "frivolous, malicious, or fails to state a claim upon which relief can be granted," or "seeks monetary relief from a defendant who is immune from such relief," the court must dismiss the complaint. 28 U.S.C. § 1915A(b).

Further, the Civil Rights of Institutionalized Persons Act, 42 U.S.C.A. § 1997e requires the court "on its own motion or on the motion of a party" to dismiss any action brought by a prisoner with respect to prison conditions under 42 U.S.C. § 1983 if the action is "frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief." *See* 42 U.S.C. § 1997e(c)(1).

Plaintiff is considered a "prisoner" as that term is defined under the PLRA, *see* 28 U.S.C. §§ 1915(h); 1915A(c), and she has been granted leave to proceed IFP in this action (ECF No. 4). Moreover, Defendants are employees of a governmental entity. In addition, she is complaining about the conditions of her confinement. Thus, her Complaint must be reviewed under the authority set forth above.

In reviewing complaints under these statutory provisions, a viable complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 554, 556 (2007) (rejecting the traditional standard set forth in *Conley v. Gibson*, 355 U.S. 41, 45–46 (1957)). The question to be resolved is: whether, taking the factual allegations of the

complaint, which are not contradicted by the exhibits and matters of which judicial notice may be had, and taking all reasonable inferences to be drawn from those uncontradicted factual allegations of the complaint, are the "factual allegations ... enough to raise a right to relief above the speculative level, ... on the assumption that all the allegations in the complaint are true even if doubtful in fact[.]"  *Bell Atlantic Corp.*, 550 U.S. at 555.  When reviewing a complaint for failure to state a claim, the Court may also consider documents attached to the complaint as exhibits.  *Oxendine v. Kaplan*, 241 F.3d 1272, 1275 (10th Cir. 2001) (internal citation omitted).  Moreover, a legally frivolous claim is one in which the plaintiff asserts the violation of a legal interest that clearly does not exist or asserts facts that do not support an arguable claim.  *Neitzke v. Williams*, 490 U.S. 319, 324 (1989).  *See also Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992) (holding that a court may dismiss a claim as factually frivolous if the facts alleged are clearly baseless, a category encompassing allegations that are fanciful, fantastic, and delusional).

The Court must construe the Complaint liberally because Plaintiff is a *pro se* litigant.  *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  If a complaint reasonably can be read "to state a valid claim on which the plaintiff could prevail, [a court] should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements."  *Hall*, 935 F.2d at 1110.  However, a court should not act as a *pro se* litigant's advocate.  *See id.*  *Sua sponte* dismissal is proper when it is patently obvious that a plaintiff can not prevail on the facts alleged and it would be futile to allow the plaintiff to amend.  *Andrews v. Heaton,* 483 F.3d 1070, 1074 (10th Cir. 2007); *Curley v. Perry*, 246 F.3d 1278, 1281–82 (10th Cir. 2001) (internal quotations omitted).

### B.  Plaintiff's Allegations

Plaintiff claims that she was imprisoned in the Colorado Department of Corrections (CDOC) from February of 2008 through August of 2009 in Brush and Denver. During that time period, she alleges that Defendants failed to provide her with adequate medical treatment when they failed to take her health concerns seriously, accused her of being bulimic and failed to provide her with necessary surgeries. She complains that during this time period she became ill with vomiting, diarrhea and constipation, excessive heartburn and acid reflux and left the CDOC custody weighing 98 pounds. She states that she was transported to High Plains Medical Center where she was diagnosed with bleeding ulcers and treated with blood transfusions. When she was released from CDOC custody, she saw her own doctors who scheduled surgery to remove her ulcers. Her doctors opined that she should have gotten treatment sooner so as to have prevented damage to her digestive tract.

For the reasons stated below, the Complaint and the action will be dismissed pursuant to the screening authority set forth above. An appropriate order follows.

### C. Limitations Period

Title 42 U.S.C. § 1983 contains no statute of limitations. Although state law governs the length of the statute of limitations, the characterization of the claim for the purpose of determining the applicable statute of limitations is a federal question. *Wilson v. Garcia*, 471 U.S. 261, 268–69 (1985). "[A] simple, broad characterization of all § 1983 claims best fits the statute's remedial purpose" and these claims are best characterized as personal injury actions. *Id.* at 272, 280. Where a state has multiple statutes of limitations for personal injury actions, the residual or general personal injury statute of limitations applies. *Owens v. Okure*, 488 U.S. 235, 236 (1989). The relevant statute of limitations in Colorado is provided in Colo. Rev. Stat. § 13–80–102. "All actions upon liability created by a federal statute where no period of limitation is provided in said federal statute" as well

as "[a]ll other actions of every kind for which no other period of limitation is provided" must be commenced within two years after the cause of action accrues, if at all. Colo. Rev. Stat. § 13–80–102(1)(g)(I).

Thus, to be timely, Plaintiff must have commenced this action within two years of the accrual of her claims. The determination of when a § 1983 claim accrues is governed by federal law. *Wallace v. Kato*, 127 S.Ct. 1091, 1095, *rehearing denied*, 127 S.Ct. 2090 (2007). A claim accrues, and the statute of limitations begins to run, on the date when the plaintiff knows or should know of the existence and cause of the injury upon which his claim is based. *Hoang Van Tu v. Koster*, 364 F.3d 1196, 1199 (10th Cir. 2004).

The statute of limitations is an affirmative defense. *See* Fed. R. Civ. P. 8(c)(1). However, the court may dismiss a claim *sua sponte* on the basis of an affirmative defense if the defense is "obvious from the face of the complaint" and "[n]o further factual record [is] required to be developed in order for the court to assess the [plaintiff's] chances of success." *Yellen v. Cooper*, 828 F.2d 1471, 1476 (10th Cir. 1987); *see also Fratus v. DeLand*, 49 F.3d 673, 676 (10th Cir. 1995) (stating that dismissal under § 1915 on the basis of an affirmative defense is permitted "when the claim's factual backdrop clearly beckons the defense").

The events on which Ms. McCaffrey's claims are premised occurred between February of 2008 and August of 2009. Ms. McCaffrey also alleges facts that demonstrate she was aware of her injuries at that time. Therefore, because this action was not filed until September 17, 2015, the affirmative defense of the statute of limitations is obvious on the face of the Complaint. On September 21, 2015, the Court ordered Ms. McCaffrey to show cause why the Complaint should not be dismissed as untimely. She specifically was advised to address the issue of whether the statute of limitations should be tolled as a matter of equity or for any other reason. Ms. McCaffrey filed

a response on October 21, 2015 (ECF No. 6). In her response, she argues that the statute of limitations should be tolled for the following reasons.

First, she claims that she is an uneducated layperson, dropped out of high school in the tenth grade and had no idea she could pursue a claim until coming to La Vista and discussing her situation with others. She also claims that she is mentally challenged (schizo-effective) and never heard of a 1983 claim before. Further, she claims that, since she was on parole during this time, she was fearful of being returned to prison if she "made waves." She further contends that from the time that she was released from prison on August 18, 2009, she has been gravely ill and has required ongoing medical intervention that has included, at times, lengthy hospital stays. Even when she started to recover from the multiple surgeries, she was still unable to access help as she became addicted to the pain pills that she had legally received as part of her medical treatment. Withdrawing from those pills required treatment at a methadone clinic. She also still had ongoing medical appointments to deal with the aftereffects of the surgeries.

Tolling of a state statute of limitations is governed by state law. *Roberts v. Barreras*, 484 F.3d 1236, 1240 (10th Cir. 2007). Thus, the question presented is whether Colorado law recognizes such a toll. There is no Colorado statute or case law that automatically tolls the statute of limitations. *Braxton v. Zavaras*, 614 F.3d 1156 (10th Cir. 2010). Thus, the issue is whether equitable tolling is available. *See e.g., Roberts v. Barreras*, 109 F. App'x 224, 226 (10th Cir. 2004). In this regard, Colorado recognizes that "equity may require a tolling of the statutory period where flexibility is required to accomplish the goals of justice." *Dean Witter Reynolds, Inc. v. Hartman*, 911 P.2d 1094, 1096 (Colo. 1996). At the same time, "statutes of limitations compel litigants to pursue their claims in a timely manner." *Id*. at 1099. Thus, equitable tolling is limited "to situations in which either the defendant has wrongfully impeded the plaintiff's ability to bring the claim or

truly extraordinary circumstances prevented the plaintiff from filing his or her claim despite diligent efforts." *Id*.

The Colorado Supreme Court has yet to find a case that qualifies as an "extraordinary circumstance" that would justify tolling. However, that court has relied on cases from other jurisdictions to illustrate that tolling may apply when a plaintiff is truly precluded from filing suit. *See Dean Witter*, 911 P.2d at 1097.

It is clear from the record in this case that Plaintiff failed to diligently pursue her opportunity to file. Her claims accrued six years before she filed her suit. Because she did not pursue her claims with diligence, she is not entitled to equitable tolling. Neither the Defendants nor extraordinary circumstances stood in the way of Plaintiffs' filing suit within the statutory period; only her own inaction prevented her from filing in a timely manner. *Accord Braxton v. Zavaras*, 614 F.3d 1156, 1161 -1163 (10th Cir. 2010).

Without a showing of circumstances warranting equitable tolling under Colorado's relatively restrictive definition of that doctrine, the Court finds that the Plaintiff's action is untimely and will be dismissed with prejudice. *See Fractus v. Deland*, 49 F.3d 673, 674-75 (10th Cir. 1995) (a court may *sua sponte* consider an affirmative defense for purposes of dismissal under § 1915 when the defense is obvious from the face of the complaint and not further factual record is required); *Murphy v. Klein Tools, Inc.*, 935 F.2d 1127, 1128-29 (10th Cir. 1991) (holding a dismissal based on statute of limitations is judgment on the merits).

The Court also certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore *in forma pauperis* status will be denied for the purpose of appeal. *See Coppedge v. United States*, 369 U.S. 438 (1962). If Plaintiff files a notice of appeal she also must pay the full $505 appellate filing fee or file a motion to proceed *in forma*

*pauperis* in the United States Court of Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24.  Accordingly, it is

    **ORDERED** that the Complaint and this action is dismissed with prejudice.  It is

    **FURTHER ORDERED** that leave to proceed *in forma pauperis* on appeal is denied.

    DATED at Denver, Colorado, this 26th day of October, 2015.

                      BY THE COURT:

                      */s/ Christine M. Arguello*

                      Christine M. Arguello
                      United States District Judge, for
                      LEWIS T. BABCOCK, Senior Judge
                      United States District Court